### SAPERO v. SHACKELFORD.

#### Civ. 107.

United States District Court
W. D. Virginia, Harrisonburg.

March 22, 1944.

Charles A. Hammer, Jr., Harrisonburg, Va., and Louis M. Silverstein, Baltimore, Md., for the plaintiff.

R. Gray Williams and J. Sloan Kuykendall, Winchester, Va., for the defendant.

PAUL, District Judge.

The plaintiff in this case is a trustee in bankruptcy of one Elmer L. Williams and the action is one to recover from the de-

fendant, Shackelford, the sum of $4,600 alleged to have been paid by the bankrupt to the defendant within four months prior to the bankruptcy and which the plaintiff seeks to recover from the defendant as a voidable preference.

The defendant has filed an answer, in which he sets out as one of his defenses that "the complainant fails to state a claim against the defendant upon which relief can be granted". This statement is in the general language which it has become the custom of defendants to assert as a defense. Sometimes this defense is raised apparently as a matter of precaution and without any definite contention as to the manner in which the complaint is insufficient and sometimes the defendant has a definite insufficiency in view to which the defense is directed. In this case the latter situation is true.

While it would probably make for expedition in the progress of a case if under such circumstances defendants would set out specifically the objections which they have in mind, nevertheless it would appear that the general statement as to the insufficiency of the complaint seems enough to comply with the Rules of Civil Procedure, 28 U.S.C.A. In Rule 12(b) it is stated that the defense of "failure to state a claim upon which relief can be granted" may be asserted either in an answer or by motion. The defendant here has asserted this defense in his answer. In Rule 12(d) it is provided that a defense of this nature, whether asserted in the answer or by motion, shall be heard and determined before trial.

The court has now, on March 22, 1944, and before the action has come on for trial, held a hearing directed toward the defense stated and involving the sufficiency of the complaint to state a cause of action on which relief can be granted. It appears that the objection to the complaint which the defendant has in mind relates to the sufficiency of the complaint in alleging that the defendant is the recipient of a voidable preference.

The complaint, after setting out the payment of certain sums of money made to the defendant by the bankrupt within four months prior to bankruptcy, which are stated to have been on account of an antecedent debt, alleges that at the time of making said payments the bankrupt "was insolvent and he intended to create a preference thereby in favor of the said Stanley L. Shackelford, one of his creditors, as against his other creditors * * *".

The specific question raised by the defendant as to the sufficiency of the complaint is that it is not alleged that the defendant at the time of receiving the payments knew or had reasonable cause to believe that the debtor was insolvent.

I think there is no question that the objection is well taken. Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, defines a preference as a transfer of any property of a debtor to a creditor on account of an antecedent debt made while the debtor is insolvent and within four months before the filing of the petition in bankruptcy, the effect of which will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. However, the fact that a debtor has made such a payment as is defined by the term "preference" does not in all cases permit such preference to be voided and the amount of the payments recovered from the creditor to whom they were made. Section 60, sub. b provides when a preference may be voided by a trustee in bankruptcy and the provision is that this may be done when the creditor receiving the benefit of the transfer had at the time when the transfer was made reasonable cause to believe that the debtor was insolvent. It is well settled that only under this latter condition can the preference be voided and the amount thereof recovered from the transferee. This is so well established as not to require the citation of the numerous cases in which it has been reiterated.

In the instant case the allegation is that the bankrupt was insolvent and intended to create a preference, but I do not find that any of the language of the complaint can be construed as alleging either directly or by implication that the defendant at the time of receiving the payment had reason to believe that the debtor was insolvent and

that the effects of a preference would flow from his receipt of the payments. In this respect the complaint is, in my opinion, clearly insufficient to set forth a cause of action.

In the practical results it would probably make little difference that the plaintiff had failed to allege the knowledge on the part of the defendant of the bankrupt's insolvency at the time the payments were made. Whether alleged in the complaint or not these facts would have to be proven in order to allow the plaintiff to recover. Without proof of them the plaintiff would not have made a case. However, the very essential of the cause of action in this case is knowledge or reasonable belief by the defendant of the debtor's insolvency and the action is directed not at the debtor, but at the creditor who received the payment. It seems proper, therefore, that if a case is to be made against the defendant here the essentials of the cause of action should be stated in the complaint, and in the present complaint they are not stated.

█ The defense is asserted in bar of the action and ordinarily, where it was found that the complaint did not state a cause of action, the indicated procedure would have been to dismiss the complaint. However, in the instant case nothing would seem to be accomplished by such a course. The omissions in the complaint are apparently inadvertent and if the complaint were dismissed the plaintiff, I dare say, could and would immediately renew the action with another complaint in which the defects were cured. Under such circumstances I think it within the power of the court not to dismiss the action, but to permit the plaintiff to file an amended complaint, presuming, of course, that he is in position to allege and prove the facts which, as pointed out, are necessary to maintain his action.

This course will be pursued. The defense asserted will be sustained and the plaintiff will be given ten days within which to file an amended complaint if he be so advised. Within ten days after the service of the amended complaint upon the defendant or his counsel, the defendant may file an answer thereto if he so desires.

I presume that the defendant will so desire in view of the fact that the answer heretofore filed does not raise any issue on the facts bearing on the defendant's liability and which the defendant was not required to raise in his previous answer because they were not asserted in the complaint heretofore filed.

It also appears on the hearing that in the complaint there are certain inadvertent or typographical errors in the assertion of a date named in the various sub-paragraphs of paragraph 4 of the complaint. More specifically, it is alleged therein that the defendant received certain payments on or after October 18, 1942, whereas it appears that it was intended that this date should be October 18, 1941. In his amended complaint the plaintiff will, of course, be allowed to correct this error or any others which may appear in the original complaint.